UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MUTHU NARAYANAN,

                        Plaintiff,

                                              **DECISION
                                              and ORDER**

                                       15-CV-6165

                v.

SUTHERLAND GLOBAL HOLDINGS, INC.,

                        Defendant.
_____

## <u>INTRODUCTION</u>

Plaintiff Muthu Narayanan ("plaintiff") brings this action against his former employer, defendant Sutherland Global Holdings, Inc. ("defendant" or "Sutherland" or "the company") for breach of contract and unjust enrichment because of defendant's failure to pay him for stock option share proceeds and additional share proceeds.  In its Answer, defendant responds with a counterclaim alleging that plaintiff breached fiduciary duties he owed to Sutherland and that he also diverted company funds for his own personal benefit, which resulted in a substantial monetary loss to Sutherland that far exceeds the damages sought by plaintiff in the complaint.

Although defendant acknowledges that plaintiff has not received any proceeds pursuant to the parties' Stock Option Agreement, it contends that plaintiff's actions were in violation of his employment duties and obligations to Sutherland in July

2014, which effectively terminated his role as a Sutherland service provider and caused the options to expire under the terms of the agreement. In its Answer, defendant also seeks a judgment against plaintiff in excess of six million dollars, plus interest, off setting plaintiff's demand, for the misappropriation of funds in connection with a land acquisition deal that plaintiff fraudulently conducted for his own benefit.

Presently before the Court is plaintiff's motion to dismiss defendant's counterclaim pursuant the Federal Rules of Civil Procedure, alleging lack of subject-matter jurisdiction (Rule 12 [b][1]), improper venue (Rule 12[b][3]), failure to state a claim upon which relief can be granted (Rule 12 [b][6]), and failure to join a party under Rule 19 (Rule 12 [b][7]) and to strike defendant's second defense (Fed. R. Civ. P. 12 [f]). Defendant opposes the motion to dismiss the counterclaim, alleging that if its allegations are accepted as true and all reasonable inferences are drawn in its favor, a breach of fiduciary duty claim has been adequately stated. As an alternative, defendant seeks leave to amend the counterclaim to include facts that would further substantiate its breach of fiduciary duty claim.

For the reasons stated below, the Court denies both plaintiff's motion to dismiss defendant's counterclaim and plaintiff's motion to strike defendant's second defense, which asserts that plaintiff's demand in the complaint is off set by the value of the diverted land acquisition funds.

**FACTUAL BACKGROUND**

Plaintiff was employed by Sutherland, a Delaware company headquartered in New York, for more than a decade, until October 2014, serving as a director of the company and director or officer of certain overseas subsidiaries.  In 2004, Sutherland granted certain employees, officers, and directors options to purchase shares of the company's common stock under the "2004 Performance Equity Incentive Plan." (Docket No. 1, Exhibit 1).  Plaintiff entered into a "Stock Option Agreement" to purchase 300,000 shares. In October 2014, the parties entered into a "Net Exercise and Share Sale" allowing plaintiff to receive 169,356 of the 300,000 shares to offset the exercise price and taxes that would have been otherwise owed by plaintiff.  On October 23, 2014, the parties executed an agreement in which Sutherland agreed to buy back 100 percent of plaintiff's 169,356 shares of the company's common stock.  Plaintiff alleges that Sutherland has failed to pay him any of the "Option Share Proceeds," which total $1,912,164.72. Plaintiff further alleges that he is owed an additional $11,290.80 in share proceeds pursuant to an unrelated contract in which defendant agreed to buy back another 1,000 shares of stock from plaintiff.

Defendant does not dispute that plaintiff has not received payment for his shares but raises three defenses and a counterclaim based on (1) plaintiff's misappropriation of company funds from the land acquisition project, (2) plaintiff's alleged abandonment of

his duties and obligations to Sutherland, and (3) breach of plaintiff's fiduciary duties as a member of Sutherland's board of directors. Defendant asserts that plaintiff was responsible for acquiring 26-contiguous acres of suburban land in Chennai, India (the "Indian land acquisition"). Sutherland asserts that it allocated approximately ten million dollars to pay "third parties only in exchange for deeds for, and to register, the land needed for" this acquisition. Answer, ¶ 63. "By early 2013, only a fraction of the necessary land had been acquired. Nonetheless, despite not receiving deeds to all of the required land, and contrary to his authorization, Plaintiff had advanced all of Defendant's money to a land aggregator" for "unenforceable promissory notes, rather than land deeds." Answer, ¶ 64, 68, 104.

## **DISCUSSION**

### I.   **Standard of review**

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept "all factual allegations in the complaint and draw . . . all reasonable inferences in the [non-moving party's] favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [the non-moving party's] obligation to provide the grounds of [it's] entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Conclusory allegations are not entitled to any assumption of truth and will not support a finding that defendant has stated a valid claim. *See Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 113 (2d Cir. 2013), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009). Defendant is required to provide the grounds upon which its counterclaim "'rests through factual allegations sufficient to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), quoting *Twombly*, 550 U.S. at 555.

Plaintiff's central argument is that defendant's counterclaim must be dismissed as derivative because the company "had no direct involvement in authorizing, funding, or executing" the Indian land acquisition. Plaintiff contends that he was formally hired as a vice president of Sutherland's newly-formed Indian subsidiary, Sutherland Development Company Private Limited (hereafter "the Indian subsidiary") and that all of the Indian land acquisition funds that he is alleged to have misappropriated belonged to the Indian subsidiary, not defendant. Plaintiff asserts that Sutherland "never authorized him to conduct the Indian Land Acquisition directly for [defendant] because Plaintiff was not

employed by [defendant] and had no officer or executive role with [it] . . . and because [Sutherland], as a U.S. entity, was barred by Indian law from directly acquiring land in India." Plaintiff's memorandum of law, p. 8.

Defendant, denying that the counterclaim is brought by or on behalf of the Indian subsidiary, responds that a breach of fiduciary duty claim against plaintiff, as a former member of Sutherland's board of directors, has been sufficiently stated under Delaware law. "Based on the breach alleged in the Counterclaim, Sutherland Global had the right to bring, and has brought, a direct claim against Plaintiff for the damages suffered by Sutherland Global -- not those that may have been suffered separately by the Indian subsidiary as well." Defendant's memorandum of law, p. 2.

In further support of plaintiff's assertion that the counterclaim should be dismissed, however, he contends that: (1) Sutherland lacks standing to bring the "derivative" counterclaim; (2) the "derivative" counterclaim fails to name the Indian subsidiary as an indispensable party; (3) the presence of the Indian subsidiary would destroy diversity jurisdiction, resulting in the Court lacking subject-matter jurisdiction; and (4) under the doctrine of *forum non conveniens*, India is the proper forum for the counterclaim.

III.     **Motion to dismiss defendant's counterclaim as impermissibly derivative.**

In its counterclaim, defendant asserts that plaintiff, director of Sutherland, breached his fiduciary duty, including a duty of loyalty, when "he diverted Sutherland's money for his personal benefit and then made repeated misrepresentations regarding the true nature of those transactions in order to conceal his conduct." Answer, ¶ 102.  Defendant further alleges that the company has been damaged as a result of plaintiff misconduct by improperly exchanging Sutherland's funds for "unenforceable promissory notes, rather than land deeds." Answer, ¶ 104.

As a preliminary matter, it is well settled that federal courts sitting in diversity cases will apply the substantive law of the forum state, which in this case is Delaware law, on outcome determinative issues. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Fiduciary duties "under fundamental principles of agency law . . . encompass the corollary duties of an agent to disclose information that is relevant to the affairs of the agency entrusted to him and to refrain from placing himself in a position antagonistic to his principal concerning the subject matter of his agency." *Beard Research, Inc. v. Kates*, 8 A.3d 573, 601 (Del. Ch. 2010), *aff'd sub nom.*, *ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010).  A party pleading a breach of fiduciary duty claim

is required to establish that (1) a fiduciary duty existed and that (2) said duty was breached. *See id.*

Here, it is clear that plaintiff, as a director of Sutherland, was a fiduciary to the company. *See Beard Research, Inc.*, 8 A.3d at 601. Defendant asserts that the breach of fiduciary duty claim is based on plaintiff's diversion of the land acquisition funds for his own personal benefit and his misrepresentation of "the true nature of those transactions in order to conceal his conduct." Answer, ¶ 102. It is well established that directors of a corporation owe duties of care and loyalty to the corporation. *See N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 99 (Del. 2007); *Malone v. Brincat*, 722 A.2d 5, 10 (Del. 1998). "A breach of fiduciary duty occurs when a fiduciary commits an unfair, fraudulent, or wrongful act." *Beard Research, Inc.*, 8 A.3d at 602; *see also Gantler v. Stephens*, 965 A.2d 695, 705-706 (Del. 2009). Further, "'[t]he liability of the directors must be determined on an individual basis because the nature of their breach of duty (if any) . . . can vary for each director." *Chen v. Howard-Anderson*, 87 A.3d 648, 677 (Del. Ch. 2014), quoting *In re Emerging Commc'ns, Inc. S'holders Litig.*, 2004 WL 1305745, at *40 (Del. Ch. 2004).

The Court rejects plaintiff's contention that the Indian land acquisition, an undertaking which he contends was authorized by Sutherland's Indian subsidiary, and defendant's breach of fiduciary

duty claim are so wholly inextricable that defendant has no direct cause of action apart from a derivative claim on behalf of the subsidiary.   Under Delaware law, the directors and officers of wholly-owned subsidiary owe fiduciary duties to the subsidiary, and directors and officers of a corporation owed fiduciary duties to the corporation and its shareholders. *See In re Scott Acquisition Corp*., 344 B.R. 283, 286 (Bankr. D. Del. 2006)   Consequently, the director and officer of a subsidiary who is also a director of the parent corporation owes fiduciary duties to both the subsidiary and the parent corporation.   There is no authority for the proposition implicit in plaintiff's argument that he, as a director and officer of the Indian subsidiary, owed fiduciary duties to the subsidiary but not to the parent corporation.

Plaintiff's assertions about his responsibilities as director, officer, and employee of the Indian subsidiary, if true, do not preclude a direct and independent claim by Sutherland against him for breach of the fiduciary duties he owed to the parent company. Under Delaware law, "directors are subject to the fundamental fiduciary duties of loyalty and disinterestedness. Specifically, directors cannot . . . derive any personal benefit through self-dealing. [I]n a parent and wholly-owned subsidiary context, the directors of the subsidiary are obligated . . . to manage the affairs of the subsidiary in the best interests of the parent."

*Anadarko Petroleum Corp. v. Panhandle E. Corp.*, 545 A.2d 1171, 1174 (Del. 1988).

The Court finds that the facts alleged in the counterclaim provide a plausible basis to conclude, at this early stage of the proceedings, that plaintiff, as a director of the company, breached his fiduciary duties to defendant by diverting funds allocated to the Indian land acquisition favoring his personal benefit against the best interest of Sutherland.

**II.  Lack of Standing and Subject Matter Jurisdiction, Improper Venue, and failure to join a necessary party.**

Plaintiff further asserts that defendant's counterclaim must be dismissed for lack of subject matter jurisdiction on the ground that the presence of the Indian subsidiary as a party would destroy diversity jurisdiction. The Court finds that since the Indian subsidiary has not been named as a party in the counterclaim, plaintiff's contention has no merit. The Court further rejects plaintiff's remaining contentions, including lack of standing, improper venue, and the failure to join the Indian subsidiary as a necessary party because those claims are based on plaintiff's erroneous theory that Sutherland has no independent claim for plaintiff's breach of fiduciary duty.

**CONCLUSION**

For the reasons set forth above, I deny both plaintiff's motion to dismiss defendant's counterclaim and plaintiff's motion to strike defendant's second defense, which asserts that

plaintiff's demand in the complaint is offset by the value of the diverted land acquisition funds.

**SO ORDERED.**

                                           S/ MICHAEL A. TELESCA
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:     Rochester, New York
            November 23, 2015