UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MUTHU NARAYANAN,

                      Plaintiff,        15-CV-6165 T

        v.                      **DECISION AND ORDER**

SUTHERLAND GLOBAL HOLDINGS, INC.,

                      Defendant.
_____

## **INTRODUCTION**

Plaintiff Muthu Narayanan ("Plaintiff") commenced the instant action on March 25, 2015, alleging claims for breach of contract and unjust enrichment against defendant Sutherland Global Holdings, Inc. ("Defendant"), a corporation of which Plaintiff is a former director. Docket No. 1. On June 15, 2015, Defendant filed an answer to Plaintiff's complaint in which it asserted a counterclaim for breach of fiduciary duty against Plaintiff. Docket No. 12.

Following discovery, Defendant filed a motion for partial summary judgment (Docket No. 67) and Plaintiff filed a motion for summary judgment (Docket No. 73). On May 16, 2018, the Court entered a Decision and Order (the "May 16th Decision") (Docket No. 116) granting in part and denying in part each of these motions. In particular, the Court granted summary judgment to Plaintiff with respect to Defendant's counterclaim for breach of fiduciary duty and with respect to his claims for breach of the Redemption Agreement and the 30% Net Exercise Agreement, and

granted summary judgment to Defendant with respect to Plaintiff's claim for unjust enrichment and breach of the 100% Net Exercise Amendment. *Id*. at 52.

On June 14, 2018, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to revisit its grant of summary judgment to Defendant on Plaintiff's claim for breach of the 100% Net-Exercise Agreement. Docket No. 120. On August 8, 2018, the Court denied Plaintiff's motion for reconsideration. Docket No. 126. Following this denial, both parties filed a notice of appeal. Docket Nos. 127, 130. The case is currently pending before the Second Circuit Court of Appeals.

Thereafter, on December 28, 2018, Defendant filed a motion to vacate, pursuant to Fed. R. Civ. P. 60(b) and 62.1(a). Docket No. 133. Specifically, Defendant asks the Court to vacate the portion of the May 16th Decision granting summary judgment in favor of Plaintiff on Defendant's counterclaim for breach of fiduciary duty, based on newly-discovered evidence. Docket No. 137 at 12. For the reasons set forth below, Defendant's motion to vacate (Docket No. 133) is denied.

**DISCUSSION**

**I. Legal Standard**

Motions to vacate are governed by Fed. R. Civ. P. 60(b), which provides, in relevant part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" *See* Fed. R. Civ. P. 60(b). A motion to vacate based on newly discovered evidence must be made within one year after the entry of the judgment or order. (*Id*. at (c)(1)). Notably, "[w]hile the federal rules do permit the district court to relieve a party or a party's legal representative from a final judgment . . . this circuit has repeatedly held that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (internal quotations and citations omitted).

Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of

-3-

appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). By its very terms, "[Rule 62.1(a)] only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210 (W.D.N.Y. 2015). "Courts in this Circuit routinely exercise their authority pursuant to Rule 62.1 to deny Rule 60(b) motions as meritless." *Shukla v. Sharma*, No. 07-CV-2972 (CBA)(CLP), 2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014).

II. **<u>Relief From the Judgement is Not Warranted</u>**

"The party seeking relief from a judgment has an onerous standard to meet." *United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Specifically, the moving party must demonstrate:

> (1) the newly discovered evidence was of facts that existed [at] the time of the prior dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333, 343 (W.D.N.Y. 2018) (quoting *International Brotherhood of Teamsters*, 247 F.3d at 392) (alteration in original); *see also Weissmann v. Freeman*, 120 F.R.D. 474, 476 (S.D.N.Y. 1988).

—4—

In support of its motion to vacate, Defendant submits a five-page confession of S. Venkataramana ("Ramanan"), Plaintiff's co-defendant in related criminal proceedings in India. Docket No. 134-3 (the "Ramanan confession"). The Ramanan confession, which Defendant had translated to the English language (*id*. at 6), essentially states that Plaintiff directed Ramanan to purchase lands in India for the "Southerland Company" between 2006 and 2009, and during that time, Plaintiff over paid Ramanan by 31 crores, a portion of which was transferred back to Plaintiff in cash. (*Id*. at 3). Ramanan also transferred some of this money back to Kamalesh Kumar, another co-defendant and an employee of RJK Investments, a land aggregation business. (*Id*.). Ramanan admitted that he used a portion of this money to purchase "two or three assets at Eldams road in Alwarpet." (*Id*.).

In response to Defendant's argument, Plaintiff contends that the new evidence identified by Defendant does not meet prongs two and three of the above-mentioned standard on a motion to vacate; that is, Defendant cannot show that it exercised due diligence to obtain the Ramanan confession, and the Ramanan confession is inadmissible. The Court agrees.

## A. **Defendant was not Justifiably Ignorant of the Ramanan Confession Despite Due Diligence**

Defendant contends that it "was justifiably ignorant of the evidence provided by Ramanan because he was hiding from Indian authorities and Sutherland Global had no means to locate him." Docket No. 137 at 14-15. Defendant explains that it first became aware of Ramanan's admission that he and Plaintiff jointly perpetrated a crime against Sutherland Global on or about July 5, 2018, when it obtained Ramanan's confession from Mohammed Rafi ("Rafi"), Defendant's attorney in connection with the Indian criminal proceedings. *Id*. at 15. Defendant states that "[o]nce becoming aware of this information, Sutherland Global conducted its own due diligence, and timely filed the within motion." *Id*.

The timeline regarding the discovery of the Ramanan confession, which does not appear to be in dispute, is as follows: Ramanan gave his confession on April 7, 2018. (Docket Nos. 134-3, 136 at 2). Rafi obtained a copy of the confession on July 3, 2018, and provided it to Defendant on July 5, 2018. (Docket No. 136 at 2). Defendant began the process of obtaining an English translation of the confession on September 13, 2018 (Docket No. 134 at 2), and the certification page of the translation is dated September 19, 2018 (Docket No. 134-4 at 6). Over three months after obtaining the English translation of

Ramanan's confession, and almost six months after obtaining a copy of the confession, Defendant filed the instant motion on December 28, 2018. Docket No. 133. *See also* Docket Nos. 137 at 15, 140 at 11-13, 145 at 8.

Defendant contends that it was justifiably ignorant of the Ramanan confession which accounts for its not being brought to the Court's attention sooner until December 28, 2018. However, the above-described timeline reveals otherwise, and Defendant's efforts in obtaining a copy of the confession cannot be characterized as "diligent." Notably, Defendant does not explain why it waited until over two months (between July 2018 and September 2018) to obtain an English translation of the Ramanan confession. Nor does Defendant explain why it waited over an additional three months (between September 2018 and December 2018) to present this information to the Court, other than to offer the conclusory statement that it was conducting its "due diligence." Docket. 137 at 15.

Prior to the parties filing an appeal in this case, Defendant filed papers with the Court on July 16, 2018, in connection with Plaintiff's motion for reconsideration (Docket No. 123); without revealing to the Court the existence of the Ramanan confession. Defendant could have informed the Court of Ramanan's confession before filing the appeal and, therefore,

would not be making this motion pursuant to Rule 61.2(a). *See Lorusso v. Borer*, 260 F. App'x 355, 357 (2d Cir. 2008) ("Rule 60(b) does not exist to provide a remedy for plaintiffs' counsel's tactical decisions[.]"); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.").

The Court also notes that the Final Report of the Inspector of Police in India ("the Final Report") discusses at length Ramanan's statement implicating his co-defendants. *See* Docket No. 142-1 at 26-31. According to Plaintiff, the Final Report was issued on May 21, 2018. Docket No. 140 at 11. Defendant does not dispute this fact. Presumably Rafi, who was retained in January 2018 to be Defendant's counsel for the criminal proceedings in India, would have received a copy of the Final Report at the time of its issuance. However, Rafi's declaration attached to Defendant's motion papers does not mention the Final Report; rather, Rafi states that "[o]n or about June 26, 2018, I made an application to the Metropolitan Magistrate Court in George Town, Chennai requesting a copy of a confession executed by Ramanan in or about April 2018." Docket No. 136 at 1-2. Defendant, in its reply papers, states that it received a copy of the Final Report on June 19, 2018. *See* Docket No. 145 at 8.

Finally, in a separate declaration provided by Rafi attached to Defendant's reply papers, Rafi states that he "receiv[ed] notice of the existence of the Final Report in the first week of June 2018" and that he "filed an application . . . on or about June 14, 2018, to obtain a copy of the Final Report." Docket No. 146 at 1.

Despite these various filings explaining when Defendant discovered the existence of the Ramanan confession, neither Rafi's declarations, nor Defendant in its papers, offer a sufficient or meaningful explanation as to why Defendant failed to learn of the Ramanan confession upon issuance of the Final Report on May 21, 2018. In causing a six-month delay in bringing the existence of the Ramanan confession to the Court's attention, Defendant cannot be said to have exercised "due diligence" in pursuing and discovering this new evidence. *See Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) ("The party seeking relief from judgment bears the burden of meeting the following "onerous" standard. . . ."); *Boxill v. Brooklyn College*, No. CV-96-561(DGT), 2003 WL 21554498, at *5 (E.D.N.Y. July 10, 2003) ("Given plaintiff's weak proffers of due diligence and his concession that he possessed the evidence at the time of judgment, plaintiff's proffered evidence is not newly discovered

–9–

within the meaning of Rule 60."), *aff'd*, 115 F. App'x 516 (2d Cir. 2004).

Defendant contends that Plaintiff, in an attempt to establish the motion as untimely, "conflates the Rule 60(c) timing requirements (that the motion must be brought within a year) with the substantive requirements of Rule 60(b)(2), which require that the new evidence 'could not have been found by due diligence' prior to the expiration of the time in which to move under Rule 59(b)." (Dkt. 145 at 6). Defendant contends that it could not have known of the Ramanan confession by June 14, 2018, the deadline for filing a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(b). However, had Defendant exercised due diligence, it would have learned of the confession upon the release of the Final Report on May 21, 2018 – well in advance of the expiration of the time for filing a motion for reconsideration.

In sum, Defendant has not established the requisite diligence needed to discover the contents of the Ramanan confession. Defendant failed to promptly take steps to obtain copies of the Final Report and the Ramanan confession, and to obtain an English translation immediately after obtaining the confession. Upon obtaining the English translation of the Ramanan confession, Defendant failed to reveal the confession for

over two months, during which it took an appeal from the judgment it now seeks to vacate. Accordingly, Defendant has not satisfied prong two for seeking relief from a judgment pursuant to Rule 59(b), and its motion is therefore denied.

**B. The Ramanan Confession is Inadmissible Hearsay**

Moreover, even if Defendant was able to demonstrate that it was justifiably ignorant of the Ramanan confession despite due diligence, it cannot show that the evidence is admissible and of such importance that it probably would have changed the outcome of the Court's decision.

In support of its argument that the Ramanan confession is admissible, Defendant contends that the confession is a "statement against interest," and therefore not excluded by the rule against hearsay, pursuant to Fed. R. Evid. 804(b)(3). Docket No. 137 at 16. Specifically, Defendant contends that "the assertions made in the Ramanan Confessions are prototypically against self-interest. The conduct he describes having engaged in with Plaintiff amounts to outright larceny, undeniably subjecting him to both civil and criminal liability." *Id*. at 17. In response, Plaintiff contends that Ramanan's confession is not admissible evidence against Plaintiff, and that the confession itself is unreliable and contains several falsities. Docket No. 140 at 15-23.

Based on the contents of the final report, the Court has reservations regarding the ultimate admissibility of the Ramanan confession.

III. **<u>Re-opening of Discovery is Not Warranted</u>**

In the alternative, Defendant asks the Court to provide an indicative ruling "allowing it to take Ramanan's deposition for use at trial and to request relevant documentation." (Dkt. 137 at 23).

"In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991)). "A significant consideration is whether there has already been adequate opportunity for discovery." *Id*. A court will also consider, *inter alia*: (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; . . ." *Leong v. 127 Glen Head Inc.*, No. CV 13-5528 (ADS)(AKT), 2016 WL 845325, at *4 (E.D.N.Y. Mar. 2, 2016) (internal quotation and citations omitted).

This case was filed in March 2015. Docket No. 1. After the initial scheduling order was set on July 22, 2015 (Docket No. 18), multiple amended scheduling orders were issued, granting the parties additional time to complete discovery and extensions for filing dispositive motions. (Docket Nos. 43, 55, 63).

Dispositive motions were filed in November 2017. (Docket No. 67). Over thirty months had elapsed between the commencement of the case and the filing of motions for summary judgment, during which the parties could have been conducting discovery. Although Defendant contends that Ramanan was a fugitive for most of the pendency of the case, Ramanan was apprehended in December 2017 (Docket No. 142-1 at 4), when the parties were making their summary judgment submissions. Yet, Defendant did not move to re-open discovery at that time to take Ramanan's deposition. This case is already on appeal before the Second Circuit and, based on the contents of the Final Report, the Court has serious reservations regarding the ultimate admissibility of the Ramanan confession. Accordingly, after consideration of the above-mentioned factors – particularly including the timing of the request, the diligence of the requesting party, and the likelihood of finding relevant evidence – the Court declines to issue an indicative ruling based on Defendant's request to reopen discovery. Defendant's motion is therefore denied.

## **CONCLUSION**

Accordingly, after consideration of the above factors, which include the timing of the request, the diligence of the requesting party and the questionable relevance of the evidence presented, the Court declines to issue an Order vacating a

portion of the May 16, 2018 Court's Order filed by Defendant on December 28, 2018 pursuant to Federal Rule of Civil Procedure 60(b) and 62.1(a). Accordingly, Defendant's request that the Court vacate the portion of its May 16th Decision granting summary judgment in favor of the Plaintiff on Defendant's counterclaim for breach of fiduciary duty based on newly discovered evidence is denied. Also, for the reasons set forth above, Defendant's motion to vacate (Docket No. 133) is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:  Rochester, New York
        May 7, 2019